By the Court.
Campbell, J.
The plaintiffs filed a bill to compel payment by the defendants of the loss upon a shipment. of 800 bales of cotton to Havre in 1841. In February of that year, Wilder and the defendants, being the owners of the ship Hottinguer, Wilder chartered the vessel to proceed from New. York to Mobile, and there load with cotton and proceed thence to Havre. An agreement was entered into between Wilder and Eleazer Crabtree, master and one of the defendants, that of this cargo 800 bales should be on owners’ account. The defendants admit an agreement to the effect that they were to be interested in 800 bales, but allege in their answ-er that they were to be so interested only on condition that the cotton should be purchased at or under a limited price, and at which, price no loss would have occurred. They also set up the statute of limitations.
The principal witness on the part of the plaintiffs was Wilder himself, who, subsequently to the agreement, failed in business, and made an assignment of all his property to the plaintiffs, who prosecute this suit for the benefit of his creditors. On the hearing, it was urged by the defendants’ counsel that Wilder was not a competent witness.
*358 The language of the code is as follows :
§ 898. “ No person offered as a witness shall be excluded by reason of his interest in the event of the action.
§ 899. “ The last section shall not apply to a .party to the action, nor to any person for whose immediate benefit it is prosecuted or defended, nor to any assignor of a thing in action assigned for the purpose of making him a witness.”
There can be no doubt that Mr. Wilder is interested in the event of this action; but can it be said that it is prosecuted for his immediate benefit ? The persons first and immediately entitled to the proceeds are the plaintiffs as his assignees. If, after the payment of his debts, any thing remains, such surplus would go to him. As in case of the stockholders of a bank which has failed, and where the corporation is a party. The stockholders have an interest, for the surplus goes to them; bu't the debts must be first paid, and the action in the name of the corporation cannot be said to be for the immediate benefit of the stockholders. Their interest is contingent and possible, not direct and immediate. What is “immediate benefit?” The word immediate, according to Webster, is defined, “ acting without a medium, or without the intervention of another cause or means, producing its effect by its own direct agency.” A recovery in this action would benefit the witness only in the event that the proceeds were applied by the assignees to the payment of his debts. The benefit must be produced by or through the agency of others.
The proviso or exception in the recent English statute, 6th and 7th Yic., chap. 85, § lj is, ‘*any person in whose immediate and individual behalf any action may be brought or defended in whole or in part.” Under this exception, in Hart v. Stephens, (6 Adolph, and Ell. 987,) the husband was admitted as a witness in a suit brought by the wife’s administrator to recover the amount of a promissory note given to the wife before marriage, and upon which the husband, during the lifetime of the wife, had from time to time collected the interest. The husband could obtain nothing, until the assets were marshalled and the debts of the wife paid, and it was held that the action was not *359 prosecuted for his immediate and individual benefit. And in Hill v. Kitching, (3 Mann. Grang. and Scott, 299,) Tindal, C. J., said that in that case the witness was competent, because, “ he has no right to lay his hand upon any portion of the money to be recovered in this action.” Yet, in that case, there was an agreement between the witness and plaintiff, that the witness should have one-half of what should be recovered. So in the same case, Maulé, J., says, “ The meaning of the proviso is, that no person who is the formal plaintiff on the record shall be called as a witness, nor any person who though not the formal plaintiff is yet substantially so.” In this case before us, the witness has no right to lay his hand upon any portion of the money to be recovered; nor is he the formal plaintiff; nor is he substantially so. The formal plaintiffs are the assignees, and they may, perhaps, be considered also the substantial plaintiffs. The assignees may be liable for the costs in case of failure to recover. It is only through these assignees, and after the creditors are paid, that the witness can reach any portion of the proceeds. We are, therefore, all of opinion, that according to the law as now established by the code, an insolvent debtor, who has assigned his property to assignees for the payment of his debts, is a competent witness in an action brought or defended by his assignees in relation to his estate.
One of the creditors of Wilder has been examined, and objection was made to his competency. His testimony, we think, in no way material; but if it were, we should consider, for the reasons before stated, that he would be competent. He cannot put his hand upon the fund; he can only obtain, through the assignees, his distributive share after their expenses are paid. He is, with the assignor, interested in the event of the suit, but neither he nor the assignor can at once appropriate to their own use the proceeds of the recovery. The assignees, in another action, may be compelled to distribute; but the money recovered in the suit must, in the first instance, come into their hands. It is possible that there may be exceptions, as where there is but a single creditor, who would be entitled to the whole proceeds, and where the subject-matter in controversy embraces *360 the whole of the assigned estate. But, as a general rule in such cases, we think both the assignor and the creditors competent witnesses. The objection must be to their credibility rather than to their competency.
Admitting, then, the competency of these witnesses, we proceed to consider the question of .the liability of the several defendants. (After holding on the evidence that the defendants, Cram and others, were not liable, and that there must be a decree against Rockwell, who suffered the bill to be taken as confessed, the judge proceeded.)
As to the defendant, Eleazer Crabtree, the captain who signed the charter-party, he cannot be charged with the loss on the 800 bales for having exceeded his authority, for the bill- is not framed for the purpose of charging him with such loss, even if it had appeared that he had exceeded his powers, and that proceedings in chancery were proper to establish his liability. But he stands in a different position to that of the other defendants in another respect. He was the captain of the ship. He received the cotton on board at Mobile. He was informed of the prices at which the cotton was purchased, and he signed the bills of lading, which stipulated that the freight was to be paid pursuant to the charter-party — that is, that 800 bales were to be freight free on owners’ account.
We think, therefore, that he must be considered as having assented, as part owner, to take the cotton at the prices at which it was purchased at Mobile ; and that there must be a decree against him for the one-sixteenth of the loss.
The statute of limitations can hardly be a bar in this case. The account appears to have been made up by Hottinguer & Co., the consignees, on the 26th August, 1841, at Havre. When it reached New York does not appear. It had not been received by Wilder when he left the city in the latter part of September. This' suit was commenced the last day of September, or first day of October, 1847, — and as the six years, in our judgment, would not commence running until after the accounts were received by Wilder, it may be fairly inferred that it was commenced within the six years from that time.
*361 If the parties cannot agree upon the amount, there must be a reference to determine what sums must be paid by Rockwell and E. Crabtaree. As to the other defendants, the bill must be 'dismissed with costs, to be paid out of the assigned estate. We think, under the circumstances, the assignees were justifiable in commencing the suit, and that they ought not to be personally charged .with the costs.